UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                )
UNITED STATES OF AMERICA        )
                                )
     v.                         )     Cr. No. 09-71-S
                                )
JOSE LUIS MALDONADO.            )
                                )
_____)

**ORDER**

William E. Smith, United States District Judge.

Jose Luis Maldonado was convicted by a jury on February 25, 2011 of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Maldonado moves the Court to vacate his conviction and order a new trial

pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] As the basis for his motion, Maldonado contends that (1) he was denied his counsel of choice, (2) the Court failed to grant his request for a continuance, (3) he was denied his right to testify in his own defense, and (4) the Court required him to proceed to trial while incompetent. (See generally Def's. Mot., ECF No. 92.) For the reasons set forth below, Defendant's motion is denied.

"The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996) (quoting United States v. Indelicato, 611 F.2d 376, 386 (1st Cir. 1979)); accord United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001) ("The remedy of a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result.").

I.  Discussion

   A.  Denial of Counsel of Choice and of a Continuance

During the weeks leading up to trial, Maldonado had competent and prepared counsel whom he had previously selected to represent him -- this attorney was the fourth attorney to

---

[1] Maldonado also filed a motion for reconsideration (ECF No. 98) of this Court's prior denial of his motion for new trial. In light of this Court's text order, dated August 15, 2011, which vacated the prior denial, Maldonado's motion for reconsideration is moot.

represent him in this matter. Just prior to the start of trial, Maldonado asked the Court to allow another, new attorney to represent him. This new counsel of choice informed the Court that he would not undertake the representation unless the Court granted a one-month continuance. The Court declined to grant the continuance, and Maldonado's new counsel of choice declined to represent him.

The principles governing the disposition of Maldonado's choice of counsel argument are simple and have been previously articulated by the First Circuit:

> "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." <u>Wheat v. United States</u>, 486 U.S. 153, 159 (1988). In particular, the right to choose one's counsel <u>must be balanced</u> against "the fair, efficient and orderly administration of justice . . . [and] cannot be manipulated to delay proceedings or hamper the prosecution." <u>United States v. Panzardi-Alvarez</u>, 816 F.2d 813, 816 (1st Cir. 1987). Indeed, "<u>only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request</u> for delay violates the right to the assistance of counsel." <u>Morris v. Slappy</u>, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted).

<u>United States v. Gaffney</u>, 469 F.3d 211, 216 (1st Cir. 2006) (second and third alteration in original) (emphases added).

After no less than nine continuances and four attorneys, the denial of yet another continuance to allow Maldonado to retain yet another attorney, on the eve of trial, does not

3

amount to "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request." See id. The Court is satisfied that the attorney Maldonado previously had retained adequately represented[2] him at trial and that the denial of the requested continuance under the circumstances of this case did not implicate Maldonado's Sixth Amendment rights.

B.   Maldonado's Alleged Incompetency

Maldonado also contends that certain prescription medications that he was taking at the time of trial rendered him incompetent. In support of this contention, Maldonado has identified the prescription medications that he was taking and the possible side effects one could experience from taking those medications, without specifying which of those side effects Maldonado was experiencing or how they rendered him incompetent.

---

[2] Maldonado attempts to further support his argument that the denial of a continuance implicated his Sixth Amendment rights with references to possible ineffective assistance of counsel claims, stemming from a host of evidentiary issues and concerns that Maldonado had previously raised in letters to the Court. "[A]n ineffective assistance claim is typically raised in a collateral proceeding with the benefit of a more fully developed record." United States v. Lipscomb, 539 F.3d 32, 41 (1st Cir. 2008). Moreover, Maldonado's scant, undeveloped references to these evidentiary concerns are simply insufficient to satisfy his burden of showing that his trial counsel's representation "fell below an objective standard of reasonableness" and to "overcome the presumption" that his attorney's decisions as to those issues represented "sound trial strategy." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (quoting Strickland v. Washington, 466 U.S. 668, 688-89 (1984)).

The time to have raised this issue was prior to or during trial, and Maldonado has provided the Court with little basis on which it could assess whether he was in fact incompetent at the time of trial. Maldonado's bold assertions and conclusory statements are therefore unavailing.

C.   Maldonado's Right to Testify in his own Defense

Maldonado's claim that he was denied his right to testify in his own defense is predicated on three bases: (1) denial of counsel of choice; (2) trial counsel's allegedly erroneous advice regarding evidentiary issues; and (3) his incompetency due to prescription medications. As discussed supra, these issues have been considered and deemed without merit.

II.  Conclusion

For the foregoing reasons, the Defendant's motion for a new trial is DENIED.

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  December 2, 2011